THORNTON H. ROBINSON *vs.* THE NATIONAL FRATERNAL LEAGUE.

Third Judicial District, New Haven, January Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

A certificate of insurance provided in one of its sections that "in the event of a disagreement as to the amount of any valid claim" made under it, "said amount shall be determined by arbitration"; that no legal proceedings for a recovery should be brought until ninety days after the receipt of proof of loss, nor at all, unless the association should have declined, upon request in writing, to arbitrate; and that the association should not be liable in any legal proceedings whatever unless the same were actually begun within one year from the date of said proof. *Held* that where the existence and validity of any claim whatever was disputed, the insured was not bound to offer to submit that question to arbitration before commencing an action.

A "second defense", which set up one of the conditions of insurance and alleged its violation by the plaintiff, was stricken out on motion of the plaintiff. *Held* that inasmuch as this defense was available to the defendant under its denial of the plaintiff's allegation that all the conditions of the certificate had been strictly

complied with, the action of the trial court in striking it out was not prejudicial or harmful to the defendant.

Argued January 29th—decided March 3d, 1909.

ACTION upon a certificate of insurance to recover indemnity for loss of time resulting from bodily injuries, brought to the Superior Court in Fairfield County where a demurrer to the complaint was overruled (*Robinson, J.*), the second defense was stricken out (*Reed, J.*) and the cause was afterward tried to the court, *Robinson, J.;* facts found and judgment rendered for the plaintiff for $1,235, and appeal by the defendant. *No error.*

*Richard H. Tyner*, for the appellant (defendant).

*Carl Foster*, for the appellee (plaintiff).

HALL, J. The complaint, dated the 31st of August, 1904, alleges that by the terms of his certificate of membership in the defendant association, made a part of the complaint, the plaintiff, by reason of bodily injuries sustained in a railroad accident on the 31st of March, 1903, which wholly disabled him from transacting any business, and of which the defendant had due notice, became, on the 1st of April, 1904, entitled to receive $25 a week for the fifty-two weeks between March 31st, 1903, and April 1st, 1904, less the sum of $300 alleged to have been paid by the defendant to the plaintiff; and that the defendant has refused to pay the sum of $1,000 still remaining due, and has denied any liability to the plaintiff under said certificate.

The defendant demurred to the complaint upon the grounds, in substance, that it was not alleged that before the commencement of this suit the plaintiff had requested the defendant to arbitrate said claim, and that the defendant had declined to submit it to arbitration.

The court having overruled this demurrer, the defendant afterward pleaded the failure of the plaintiff to offer

to submit his said claim to arbitration, as one of its special defenses.

The principal questions of law raised by the appeal are based upon the action of the court in overruling said demurrer, and in deciding that the failure of the plaintiff to submit his claim to arbitration did not constitute a sufficient defense to the action.

The provisions of the section of the certificate of insurance, material to these questions, are the following:—

"7. In the event of a disagreement as to the amount payable on account of any valid claim made under this certificate it is expressly understood and agreed that said amount shall be determined by arbitration. . . . No legal proceedings for recovery under this certificate shall be brought until ninety days after the receipt of affirmative and positive proof of loss by the League at its Home Office, nor be brought at all unless the League shall have declined to arbitrate, having been requested to do so in writing; and the League shall not be liable in any legal proceedings whatever unless the same are actually begun within one year from the date of said proof."

The trial court did not err in overruling the demurrer, and in holding that, under the terms of the certificate, the plaintiff was not required to offer to submit his claim to arbitration before commencing this action.

Not only the amount justly payable upon a confessedly valid claim, but the legality of the entire claim presented, are clearly questions upon which there might be a disagreement between the defendant League and a certificate-holder. Twenty-five dollars a week, for fifty-two weeks, is a maximum payment for a maximum period, when the certificate-holder is wholly disabled. There might be a dispute between the insured and the League as to whether his valid claim was not for a less sum and for a shorter period than such maximum sum and period. There might also be a question whether a certificate-holder, however

seriously injured, had so complied with the conditions and requirements of his application and certificate of insurance as to entitle him· to any indemnity.

In this case, by numerous separate defenses and a counterclaim, the defendant contends that it is under no liability whatever to the plaintiff. It denies that the plaintiff was a member of the League in good standing; that he was injured in the railroad accident; that he gave the required notice to the defendant; and that he has paid his dues. It alleges that the plaintiff failed to comply with several named conditions of the certificate of insurance; that the plaintiff falsely and fraudulently pretended that he was suffering from the alleged injuries; and by its counterclaim asks for $500 damages on account of the plaintiff's fraudulent acts.

The issues thus framed do not present questions which by the terms of the certificate of insurance were· required to be submitted to arbitration. Only the question of the amount of a valid claim, and not the existence of a claim the validity of which was disputed, was to be submitted to arbitration by § 7 of the certificate. The former is ordinarily a question . of fact, which generally may more properly be submitted to arbitration than the latter, which is usually one of law.

The trial court rightly construed the language of the section in question as not requiring the plaintiff, upon the facts found, to offer to submit his claim to arbitration ·before commencing this action. *Fricke* v. *United States Indemnity Society,* 78 Conn. 188, 191, 61 Atl. 431.

There was no harmful error in striking out the second defense, which described one of the conditions of the certificate of insurance which the defendant claimed had been violated. The facts were not correctly pleaded as a special defense, but could properly have been alleged as specifying a claimed breach of a condition of the certificate, all the conditions of which the plaintiff had alleged he had per-

formed. *Hennessy* v. *Metropolitan Life Ins. Co.*, 74 Conn. 699, 702, 52 Atl. 490. The ground upon which the allegations were stricken out in no way prejudiced the defendant's right to prove the alleged facts.

The one hundred and fifty pages of evidence, unnecessarily printed in the record in support of a motion to correct the finding, only serve to show that there was a conflict of evidence upon the material facts of the case, the decision of the trial court upon which was final.

There is no error.

In this opinion the other judges concurred.