Pursuant to the direction of this court in the case of LaFrance v. LaFrance, 122 Conn. 556,191 A. 334, the Town Court of West Haven on April 20, 1937, rendered judgment enjoining Leo LaFrance, the defendant in that action and one of the three defendants here, against interfering with the sawdust business of Eugene LaFrance, the plaintiff in both actions, for five years from December 10, 1935, and from soliciting sawdust patronage during that period from anyone who was the plaintiff's customer on or *Page 151 
before that date. The complaint in the present case alleges that the defendants Leo LaFrance and Ralph Accabo conspired to violate the temporary injunction issued December 20, 1935, in the original action, forbidding Leo from soliciting the plaintiff's customers within Connecticut, and that they, together with the defendant Muriel LaFrance, who is Leo's wife, have conspired to violate the permanent injunction of April 20, 1937, and asks injunctive and other equitable relief, and damages. As appears at pages 557 and 558 of our opinion in the LaFrance case, in 1927 the defendant Leo, in reentering employment in the plaintiff's sawdust business subsequent to several years as a former employee therein dealing with customers, covenanted not to engage in this line of business in Connecticut for five years after the termination of his employment. Leo left the plaintiff's employment December 10, 1935, and thereafter violated that agreement.
The finding in the present case, which is not attacked upon this appeal, establishes these facts, and also among others these further facts. All three defendants had full knowledge of the litigation which eventuated in the injunction of April 20, 1937. The defendants Leo and Ralph had obtained confidential information regarding the plaintiff's customers throughout Connecticut during their employment by him. The temporary injunction referred to in the complaint remained in effect from December 20, 1935, until the issuance of the permanent injunction. During 1936 the defendant Ralph was employed in the defendant Leo's sawdust business, and in the prosecution of it, utilizing his confidential information, solicited orders from and sold sawdust to customers of the plaintiff. Subsequent to April 20, 1937, all three defendants engaged in the sawdust business and participated in *Page 152 
other activities incident thereto, as part of a common plan and scheme to accomplish the violation by the defendant Leo of the permanent injunction. The court concluded that all three defendants knowingly conspired to assist, aid and abet the defendant Leo in violating the terms of the injunction, that the various acts done by them in connection with the sawdust business were done in pursuance of this conspiracy, that the plaintiff had suffered irreparable damage in consequence of these actions, and that a continuance of them would cause further irreparable injury to him. By the judgment it enjoined the defendants from conspiring together to solicit sawdust patronage from any who were customers of the plaintiff on December 10, 1935, or prior thereto, and further from actually engaging in any such solicitation affecting the plaintiff's interest.
The court's denial of the defendants' motion that certain issues of fact be tried to the jury is assigned as error. The defendants claim the right to have the question whether or not they conspired, and all issues of fact collateral thereto, so tried. The correctness of the court's ruling depends upon the nature of the plaintiff's cause of action alleged, as is made clear by the recent case of Berry v. Hartford National Bank 
Trust Co., 125 Conn. 615, 618, 7 A.2d 847. In an action seeking both equitable relief and damages, as is there stated and illustrated by the cases referred to: "Where there is involved in a case a cause of action for damages properly cognizable at law, the fact that relief in equity in aid of or supplemental to it is also demanded will not destroy the right of either party to have the issues at law submitted to the jury . . . . On the other hand where the essential right asserted is equitable in its nature and damages are sought in lieu of equitable relief or as supplemental to it in order *Page 153 
to make that relief complete, the whole action is one in equity and there is no right to a jury trial." Applying these principles to the present complaint, it is manifest that the essential right asserted is equitable in its nature. Although the prayers for relief do include a claim for "$1500 damages," the allegations leave no doubt that the fundamental purpose of the action is relief against the continuance of the defendants' conduct in conspiring to avoid the court's restraining order issued to protect the plaintiff from injury through the wrongful solicitation of his customers. This wrong in its very nature is such that the amount of resultant damage to the plaintiff would be extremely difficult if not impossible to establish. Relief from future injury is the vital consideration. The court was justified in concluding upon the pleadings before it that the action is one in equity. That after the trial upon the merits no mention is made in the court's memorandum of decision, finding, or judgment of the amount of the plaintiff's damage, affords strong corroboration for this conclusion. Such an equitable cause of action, where the claim for damages is at most but incidental, is not of right triable by jury, although the court has a discretion to submit issues arising in it to a jury. General Statutes, 5625; Dzubin v. Dzubin, 121 Conn. 646, 648, 186 A. 652; Doris v. McFarland, 113 Conn. 594, 608, 156 A. 52; Meriden Savings Bank v. McCormack, 79 Conn. 260,262, 64 A. 338. The court did not err in denying the defendants' motion.
The court properly denied the defendants' motion to expunge certain allegations of the complaint, which though not strictly necessary to it, tended to state more fully the plaintiff's claim. Bitello v. Lipson,80 Conn. 497, 503, 69 A. 21; L. E. Wertheimer, Inc. v. Wehle-Hartford Co., 126 Conn. 30, 36, *Page 154 9 A.2d 279; State v. Erickson, 104 Conn. 542, 550,133 A. 683. Under 5515 of the General Statutes "impertinence . . . shall be ground for a motion to expunge." It was apparently upon this ground that the court granted the plaintiff's motion to expunge the defendant Leo's second defense and cross. The allegations of these pleadings asserted certain reasons why the covenant in the agreement was not valid and enforceable. Our previous decision necessarily involved an adjudication to the contrary. The defendant is not entitled, in the present action, to set up matters which he had full opportunity to advance in defeat of the former one. Lehrman v. Prague, 115 Conn. 484, 490,162 A. 15; Scott v. Scott, 83 Conn. 634, 638,78 A. 314; Cromwell v. County of Sac, 94 U.S. 351, 352. The trial court was correct in striking out these pleadings. The defendant Leo's third defense, and the second and third defenses of the defendant Muriel, contained only allegations provable under denials in their answers. They need not have been specially pleaded and the exclusion of the defenses did not in any way prevent the defendant from offering evidence to establish the facts alleged in them. Robinson v. National Fraternal League, 81 Conn. 707, 710, 71 A. 1096. While to grant motions to expunge rarely serves a useful purpose, the court did not err in so doing in this case.
The exclusion by the court during cross-examination of each of the plaintiff's witnesses Kunofsky and Wolk, of the defendants' question whether he was a customer of the plaintiff in 1935 is assigned as error. Since there is nothing in the record in either instance to indicate that this related to a subject within the scope of the direct examination, or was for any reason germane to proper cross, the court's ruling cannot be held erroneous. The court permitted *Page 155 
the plaintiff to ask leading questions of the defendant Muriel, called by him as a witness. From this ruling the inference is that the court regarded her as a witness hostile to the plaintiff. Her previous testimony is not contained in the record, nor are her answers to the questions objected to. It therefore does not appear that the court erred in the ruling complained of. As regards the question asked of the witness Bivena as to whether or not he was a customer of the plaintiff and that asked of Muriel LaFrance whether the defendant Leo LaFrance had sold out to Prete, the record fails entirely to state facts from which we can see that the rulings, even if erroneous, were material in the determination of the case. The further inquiry of her by her counsel as to whether she conspired with the other defendants to avoid the injunction was a question to be resolved by the court, and not by the answer of a witness. The court did not commit prejudicial error in any of its rulings upon evidence.
Error is also assigned in the court's overruling of the defendants' claims of law. One of these is that by reason of the contempt procedure available to the plaintiff under the Town Court's injunction, relief in this case by injunction against conspiracy by the defendants to violate it, is not permissible. While it is the general policy of law that two actions shall not be brought where complete justice can be done in one, this is not a rule of unbending rigor. Farley-Harvey Co. v. Madden, 105 Conn. 679, 682, 136 A. 586; Dettenborn v. Hartford, National Bank Trust Co.,121 Conn. 388, 393, 185 A. 82. Under the facts proven it may be that the defendants other than Leo could have been held guilty of contempt of court in aiding and abetting him in violating the injunction. 32 C.J. 489. However, a determination of their guilt would have involved a trial of the issue whether or not they *Page 156 
were aiders and abbettors, and that question could be better determined in such an action as the one before us than in contempt proceedings. Moreover, the matter is one which should have been raised by plea in abatement to the present action and no such plea having been filed the defendants cannot now object. Huntley v. Holt, 59 Conn. 102, 105, 22 A. 34; 1 Am.Jur. 66. The court did not err in overruling this claim. The only other claims of law which are material could only avail the defendants upon a determination of questions of fact in their favor. All of these have been resolved by the court for the plaintiff and are not attacked upon appeal.
 There is no error.
In this opinion the other judges concurred.