In the Matter of FEUER TRANSPORTATION, INC., Appellant. LOCAL UNION No. 445 OF INTERNATIONAL BROTHERHOOD OF TEAMSTERS, etc., Respondent.

Argued October 2, 1945; decided January 17, 1946.

*Julius Zizmor* and *Nathan E. Zelby* for appellant. A court is not disabled from properly disposing of a matter, nor is its power restricted because allegedly neither of the parties has asked for the particular relief which the court grants. A court may fashion the decision and mold the relief to the necessities of the case. The court was invested with the right to designate a proper arbitrator under its general power, to grant such other, further and different relief as to the court might seem just and proper as requested in appellant's notice of motion.

*Victor D. Levitt, Jr.,* for respondent. I. Special Term lacked jurisdiction to direct arbitration before an arbitrator selected by the court, in the absence of any petition therefor by respondent, the aggrieved party. (Civ. Prac. Act, § 1450; *Matter of Orange Pulp & Paper Mills, Inc.* [*Pulp Sales Corp.*], 261 App. Div. 840, 285 N. Y. 752; *Matter of Sauberman* [*Goldberg, Inc.*], 267 App. Div. 192; *Matter of Tyd* v. *Local Loan Co.,* 183 Misc. 139.) II. Respondent's demand for arbitration and the arbitration proceedings begun thereunder were proper and valid. (*Matter of Lipman* [*Haeuser Shellac Co.*], 263 App. Div. 880, 289 N. Y. 76.) III. The order compelling respondent to arbitrate before the arbitrator selected by the court is inequitable.

MEDALIE, J. Appellant, Feuer Transportation, Inc., entered into two contracts with respondent Local Union No. 445 on wages and working conditions. Each ran for two years, the first from September 1, 1940, and the other from September 1, 1942. Each contract had a different arbitration provision for the settlement of disputes. The earlier contract provided in case of disagreement for the appointment of an umpire by both parties. The later contract permitted either party to initiate proceedings before the American Arbitration Association pursuant to its rules.

In May, 1944, the local union requested Feuer Transportation, Inc., to discuss back wages which it claimed were due to five former employees. The dispute was under both contracts. No progress was made as the appellant insisted that these five men were independent contractors and not hired truckmen. The efforts to settle having failed, the union notified appellant that it would proceed to arbitration before the American Arbitration Association of the dispute arising under both contracts. Appellant ignored the association's request for the selection of arbitrators from its submitted list, and the association selected its own arbitrators as its rules provided. There is no dispute as to these facts.

Appellant moved at Special Term for a stay of the proceedings before the American Arbitration Association. The stay was granted without prejudice to a new proceeding under the later contract. Special Term also appointed an arbitrator to hear the dispute under the first contract. On appeal by the local union, the Appellate Division continued the stay without prejudice to new proceedings under the second contract, but modified, " upon questions of law," the order of Special Term by striking from it the provision for the appointment of the arbitrator. The net effect was to leave the parties without arbitration. The respondent union does not appeal from so much of the Appellate Division's order as stays the arbitration before the American Arbitration Association, and we are not therefore concerned with that aspect of the problem. But Feuer Transportation, Inc., claims it was entitled to have the arbitrator appointed by Special Term arbitrate at least the dispute arising under the first contract, and it is this question alone with which we are now concerned.

When appellant petitioned for a stay of the arbitration proceedings initiated by the local union before the American Arbitration Association in its notice of motion it asked in general terms for other and further relief. The proceedings for a stay were based on Civil Practice Act, section 1451, which provides for the granting of a stay of unauthorized arbitration proceedings. Appellant sought whatever relief the court might give it against any arbitration having no contract justification. The earlier contract provided for agreement by both parties on arbitration and the appointment by both of an arbitrator

Such agreement had been made impossible by the designation of the American Arbitration Association by the local union to arbitrate under both contracts. In any event both sides failed to agree as provided by the earlier contract. But section 1452 of the Civil Practice Act provides that in the event of a lapse for any reason in the naming of an arbitrator or umpire, upon application of either. party to the controversy the Supreme Court may designate an arbitrator or umpire. Though without specific request to so act, Special Term made this designation. As appellant had submitted to the court its entire controversy under its agreements with the local union, Special Term was fully empowered to make the designation and for all practical purposes was asked to do so.

The provision of the Civil Practice Act referred to originated as part of the Arbitration Law enacted in 1920 (L. 1920, ch. 275). In 1937 these were transferred to the Civil Practice Act (L. 1937, ch. 341). Prior to this enactment, an arbitration agreement was easily violated. Before award or in any event before final submission of a dispute under arbitration the agreement to arbitrate was revocable (*Allen* v. *Watson,* 16 Johns. 205; *Bank of Monroe* v. *Widner,* 11 Paige 529, 534; *People ex rel. U. Ins. Co.* v. *Nash,* 111 N. Y. 310; 2 Rev. Stat. of N. Y., part III, ch. VIII, tit. XIV, § 23). A court of equity would not compel specific performance of an agreement to arbitrate (*Sinclair* v. *Tallmadge,* 35 Barb. 602; *Hurst* v. *Litchfield,* 39 N. Y. 377).

Arbitration agreements, therefore, meant very little. Dissatisfaction with this situation was widespread. It was effectively dealt with in 1920 by the enactment of the Arbitration Law after a considerable campaign and with the sponsorship of the Chamber of Commerce of the State of New York, as well as substantial support from the Bar. Under the new statute arbitration became both orderly and enforcible and was made subject in effect to a decree for specific performance. A quarter of a century of its operation has demonstrated its usefulness and general acceptability. To work well it must operate with a minimum of delay and with all the flexibility which equity can give it. A dispute may arise in a simple case as to whether arbitration has been agreed upon, whether it should be enforced or stayed, and whether an arbitrator or umpire should be appointed. This case amply demonstrates that. In such situ-

ations, if arbitration is to be a working reality, all such questions can and should be decided in a single proceeding. A party may ask specifically for one kind of relief to which he may not be entitled, but may at the same time be entitled to some other relief. If the relief to which a party is entitled is not granted and he is remitted to a new proceeding, the purposes of the reforms intended by the Arbitration Law of 1920 would be defeated. Instead of relief from legal technicality, the parties to an arbitration are given delay and a surfeit of legal procedure. Proceedings of this kind are equitable in character, and the practice of equity as to relief should be followed. In equity proper relief is ordinarily granted when the facts warrant regardless of what may have been asked for (*Bloomquist* v. *Farson,* 222 N. Y. 375; *Sanders* v. *Soutter,* 126 N. Y. 193, 201; *Lightfoot* v. *Davies,* 198 N. Y. 261, 273). In *Spears* v. *Mayor, etc., City of N. Y.* (87 N. Y. 359, 376), EARL, J., said: " It is a general rule in equity that the relief to be administered will be adapted to the exigencies of the case as they exist at the close of the trial." That rule was well applied at Special Term upon undisputed facts.

The order of the Appellate Division should be reversed and the matter remitted to that court for further proceedings not inconsistent with this opinion.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND and DYE, JJ., concur; THACHER, J., dissents and votes to affirm.

Order reversed, etc.