WESTERN UNION TELEGRAPH COMPANY, Respondent, *v.* JOSEPH P. SELLY, Individually and as President of the American Communications Association, C. I. O., et al., Appellants.

Argued May 20, 1946; decided June 13, 1946.

*Victor Rabinowitz* for appellants. I. Special Term had no power, acting as an individual, to remove the arbitrator he had appointed. (*Oliver* v. *Collings,* 11 East 367; *Alliance Insurance Co.* v. *Williamson,* 36 Ga. App. 497; *Reynolds* v. *Gray,* 1 Salk. 70; *Kedy* v. *Dawson,* 34 S. N. L. R. 233.) II. Special Term had neither power nor discretion upon this record to remove the arbitrator. (*Davy's Executors* v. *Faw,* 8 Cranch. [U. S.] 171; *Matter of Friedman,* 215 App. Div. 130; *Matter of A. E. Fire Ins. Co.* v. *N. J. Ins. Co.,* 240 N. Y. 398; *United States* v. *Morgan,* 313 U. S. 409; *National Labor Relations Board* v. *Baldwin L. Works,* 128 F. 2d 39; *North River Steamboat Co.* v. *Livingston,* 3 Cow. 713; *People* v. *Brown,* 193 App. Div. 203; *Ex parte Hague,* 103 N. J. Eq. 505; *Landrum* v. *Cockrell,* 230 Ky. 599; *Hudspeth* v. *State,* 188 Ark. 323; *Matter of Dodge & Stevenson Manufacturing Co.,* 77 N. Y. 101; *People* v. *Prior,* 294 N. Y. 405; *Balbo* v. *People,* 80 N. Y. 484; *State* v. *Giudice,* 170 Iowa 731.)

*Abraham Unger* for New York City Chapter, National Lawyers Guild, *amicus curiæ,* in support of appellant's position.

*John H. Waters, Francis R. Stark* and *Clarence W. Roberts* for respondent. I. The court at Special Term had the power to declare the individual named disqualified and disabled from acting as arbitrator, and to remove him. (*Feuer Transportation, Inc.,* v. *Local Union No. 445,* 295 N. Y. 87.) II. Having appointed the arbitrator in the judicial function the court retained jurisdiction and had inherent power on motion made in the proceedings, which were still pending before it, to replace the arbitrator. (*Manufacturers' Mutual Fire Ins. Co.* v. *Associated Gas & Electric Co.,* 176 Misc. 220, 262 App. Div. 731, 288 N. Y. 668; *Potter* v. *Rossiter,* 109 App. Div. 737; *Barry* v. *Mutual Life Ins. Co. of N. Y.,* 53 N. Y. 536.) III. The court had power to make the order on motion made in an arbitration proceeding under article 84 of the Civil Practice Act. (*Smyth* v. *Board of Education,* 214 App. Div. 735; *Matter of Albert* v. *Spiegelberg,* 146 Misc. 811.) IV. The court had power to make the order in a plenary equity action. (*Ugovitch* v. *Ohio Farmers' Ins. Co.,* 180 App. Div. 905; *Burford* v. *Chambers,* 25 Ont. Rep. 663.) V. There was evidence supporting the finding made at Special Term that the individual named is disqualified and

disabled from serving as arbitrator, and affording a ground for the exercise of discretion as to his removal. (*Anonymous*, 59 N. Y. 313.)

*Per Curiam.* The removal of the arbitrator was within the discretion of the Special Term. The exercise of that discretion was approved by the Appellate Division and we are required to presume that all questions of fact were there determined in favor of the respondent (Civ. Prac. Act, § 603). We are not able to say that the courts below abused their discretion.

Our conclusion is that the order of the Appellate Division should be affirmed, with costs, and the third question certified answered in the affirmative, it being unnecessary to answer the other questions.

DESMOND, J. (dissenting). I dissent and vote to reverse and to deny the motion to remove the arbitrator, Pomerantz. The parties concede his honesty and ability. No charge is made against him of bias, prejudice or interest as to the controversy to be arbitrated. After he had been regularly appointed arbitrator, he was removed, solely because he holds and had expressed certain social, economic and political views. Those views are not vicious, antisocial or unlawful. They are held by great numbers of other good citizens, including judges, high and low. They are not grounds for removing or disqualifying an arbitrator, any more than they would be grounds for removing or disqualifying a judge. The imposition of such tests is to me abhorrent and there is no legal precedent for it. Assuming the court had discretion, that discretion was here abused.

LOUGHRAN, Ch. J., LEWIS, CONWAY, THACHER, DYE and FULD, JJ., concur in *Per Curiam* opinion; DESMOND, J., dissents in memorandum.

Order affirmed, etc.