In the Matter of the Arbitration between BELDING HEMINWAY COMPANY, Appellant, and WHOLESALE AND WAREHOUSE WORKERS' UNION, LOCAL 65, C.I.O., Respondent.

Submitted June 13, 1946; decided July 23, 1946.

*William R. Fisher* and *Frank C. Fisher* for appellant.
I. Appellant is entitled to relief under section 1458 of the Civil

Practice Act. (*Schafran & Finkel, Inc.*, v. *Lowenstein & Sons, Inc.*, 280 N. Y. 164; *Matter of Pierce* v. *Brown Buick Co., Inc.*, 258 App. Div. 679, 283 N. Y. 669; *Matter of Bullard* v. *Grace Co.*, 240 N. Y. 388; *Matter of Kelley*, 240 N. Y. 74; *Matter of Eagar Const. Corp.* v. *Ward Foundation Corp.*, 255 App. Div. 291; *Matter of Exeter Manufacturing Co.* v. *Marrus*, 254 App. Div. 496; *Matter of Towns & James* (*Federal Labor Union*), 183 Misc. 181; *Matter of Lipman* (*Haeuser Shellac Co.*), 289 N. Y. 76; *Matter of Kramer & Uchitelle, Inc.*, 288 N. Y. 467.) II. The evidence raises a substantial issue on the question of the authority of the association to bind the company to a contract affecting a warehouse in any place but New York City. (*Matter of Gresham & Co., Ltd.*, 202 App. Div. 211; *Matter of Palmer & Pierce, Inc.*, 195 App. Div. 523; *Matter of Gold* (*Broido, Inc.*), 185 Misc. 1039.) III. The circumstances under which the contract of April 25, 1945, was made, show that the contract and the arbitration clause therein apply only to matters in dispute concerning the company employees and warehouse in New York City. (*Matter of Marchant and Mead-Morrison Mfg. Co.*, 226 App. Div. 397, 252 N. Y. 284, 253 N. Y. 534, 282 U. S. 808.)

*Edward Kuntz* for respondent. I. Appellant failed to present on its motion evidentiary facts raising a substantial issue. (*Busch Jewelry Co., Inc.*, v. *United Retail Employees' Union, Local 830*, 10 N. Y. S. 2d 519.) II. Appellant under its contract is bound to submit to arbitration.

*Per Curiam.* Whether the appellant was bound to employ at its New Jersey plant members of the respondent union was a debatable question which called for a decision as to the scope of the collective bargaining agreement between the parties. This question, we think, was for the court, not for the arbitrators. (*Matter of Bullard* v. *Grace Co.*, 240 N. Y. 388, 395.) The orders should be reversed and the matter remitted to Special Term for decision of the preliminary issue above stated.

The orders should be reversed and the matter remitted to the Special Term for further proceedings in accordance with this opinion, with costs to abide the event.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, THACHER and FULD, JJ., concur; DYE, J., taking no part.

Orders reversed; etc.