## Colt's Industrial Union, Local· 376 *v.* Colt's Manufacturing Company

Brown, C. J., Jennings, Baldwin, O'Sullivan and Mellitz, Js.

Argued June 9—decided November 28, 1950

*William S. Zeman,* with whom was *Harry Cooper,* for the appellant (plaintiff).

*William K. Cole,* with whom were *Lee Fielden* and, on the brief, *Barclay Robinson,* for the appellee (defendant).

MELLITZ, J.   The plaintiff brought this proceeding under § 8153 of the General Statutes to compel the defendant to arbitrate, among others, a dispute which the plaintiff claimed was arbitrable under an agreement between the parties.   The court concluded that the dispute did not involve any provision of the agreement and was not arbitrable.   From a judgment dismissing the proceeding the plaintiff has appealed.

The court found the following facts, which are not subject to correction:   On September 24, 1948, the plaintiff and the defendant entered into a collective bargaining agreement.   By the provisions of article 2, the defendant recognizes the plaintiff as the exclusive representative of all of its employees except supervisors and certain others not here material.   Article 6 sets up a seniority system governing transfers of employees, layoffs and recalls.   Supervisors have no seniority status.   When the defendant proposes to lay off some of its employees from the work they are then performing, it is required to send home or to transfer to available jobs elsewhere those with the lowest seniority.   Article 12 provides for the submission to arbitration of any dispute arising from a difference "as

to the application of the terms" of the agreement.

Since 1946, and continuing down to the date of this proceeding, the defendant has occasionally followed the limited practice of assigning to supervisors duties of a nature normally carried out by the employees represented by the plaintiff. During the contract negotiations, the plaintiff proposed that no supervisor should perform any work of the employees within the bargaining unit. The proposal was rejected and no such provision was incorporated into the agreement.

During 1949, the defendant began to lay off certain employees and to assign to supervisors part of the work upon which these employees had been engaged. The plaintiff maintained that this practice violated articles 2 and 6 of the agreement. After carrying this claim unsuccessfully through the various procedural steps set up to resolve grievances, and after the defendant had denied that the dispute was arbitrable, the present proceeding was instituted.

The plaintiff contends that the agreement to arbitrate differences as to the "application" of the terms of the agreement includes arbitration of differences as to "interpretation," and that the parties agreed thereby to submit to arbitration the question whether any term of the agreement has application to a dispute. The contention is untenable. It is not uncommon for parties to arbitration agreements to confide to arbitrators the decision of legal as well as factual disputes. When this occurs, arbitrators have authority to interpret the agreement. *Liggett* v. *Torrington Building Co.*, 114 Conn. 425, 430, 158 A. 917; *Application of Westinghouse Air Brake Co.*, 166 Pa. Super. 91, 70 A. 2d 681. When, however, the agreement does not so provide, its interpretation is a function of the court. *B. Fernandez & Hnos., S. en C.* v. *Rickert Rice Mills, Inc.*, 119 F. 2d 809, 814. Arbitration proceeds from

the voluntary action of the parties and "No one is under a duty to resort to these conventional tribunals, however helpful their processes, except to the extent that he has signified his willingness." *Matter of Marchant* v. *Mead-Morrison Mfg. Co.,* 252 N. Y. 284, 299, 169 N. E. 386. Here the parties have limited arbitration to differences as to the "application" of the terms of the agreement, and they are bound by the limits they have themselves fixed. *Pratt, Read & Co.* v. *United Furniture Workers,* 136 Conn. 205, 209, 70 A. 2d 120. The legal question was whether the dispute involved the application of any provision of the agreement. The court was not in error in accepting the responsibility of answering it. *Robinson* v. *National Fraternal League,* 81 Conn. 707, 710, 71 A. 1096; *Matter of Belding Heminway Co.,* 295 N. Y. 541, 543, 68 N. E. 2d 681.

It was in error, however, in holding that no provision of the agreement was involved in the dispute. The basic contention of the plaintiff is that the application of article 6 of the agreement is involved because supervisors have no seniority status and, if the assignment to them of the work of members of the bargaining unit produces the layoff of a member of it, an employee without seniority replaces one with seniority, in violation of the provisions of article 6. There is nothing in the agreement which expressly precludes the defendant from assigning its supervisors to the work normally performed by the employees in the bargaining unit. The effort of the plaintiff to incorporate into the agreement a provision which would bar the defendant from continuing this practice had been futile. Article 6, however, places a limitation on the practice. It accords preferential treatment to employees who possess seniority status both as to layoffs and re-employment. The court ignored this limitation

and erred in so doing. When work ordinarily done by a member of the bargaining unit is given to a working supervisor without seniority rights and members of the bargaining unit possessing seniority status are laid off, the question whether the former action caused the layoffs is one of fact and arbitrable under the bargaining agreement. It involves seniority rights under article 6. It presents for determination by arbitration a factual problem. The forum selected by the parties must decide whether any layoffs of employees were the result of the defendant's assigning work to its supervisors. As the issue presented was the actual subject of a grievance and involved a provision of the agreement, the union was entitled to have it submitted to arbitrators for decision. Arbitration is "intended to avoid the formalities, the delay, the expense and vexation of ordinary litigation." *In re Curtis & Castle Arbitration,* 64 Conn. 501, 511, 30 A. 769. Tranquility in the field of labor relations is promoted by prompt and equitable settlement of labor disputes and arbitration should be encouraged as a desirable process toward that end. "To work well it must operate with a minimum of delay and with all the flexibility which equity can give it." *Matter of Feuer Transportation Co.,* 295 N. Y. 87, 91, 65 N. E. 2d 178.

There is error, the judgment is set aside and the case is remanded with direction to enter judgment granting the relief prayed for in the plaintiff's application.

In this opinion JENNINGS, BALDWIN and O'SULLIVAN, Js., concurred.

BROWN, C. J. (dissenting). With the conclusion of the majority that it was the function of the court to interpret this arbitration agreement I am in full accord for the reasons stated in the opinion. I am un-

able, however, to agree with the further conclusion that in its interpretation of the contract the trial court erred in deciding that the plaintiff's grievance does not fall within the arbitration provision thereof.

The contract constitutes the plaintiff the exclusive representative of the employees in the bargaining unit for purposes of collective bargaining and provides that the term "employee" therein shall exclude supervisory employees. Such employees are outside of the unit and have no seniority status. When the agreement was negotiated in 1948, the defendant rejected the plaintiff's demand for inclusion of a provision that "no supervisory employee shall perform the work of employees in the bargaining unit," so that this is not contained in it. The agreement does provide for a seniority system by which under certain conditions the seniority status of an employee governs transfers of the employee from job to job and from division to division, the order in which employees may be laid off either temporarily or permanently, and the order in which they shall be recalled to work. It makes no provision as to what conditions will justify the defendant in laying off any of its employees either permanently or temporarily.

It is apparent therefore that, in so far as the express terms of the contract are concerned, the defendant has the right to assign additional work to its working supervisors even though that may result in the layoff of a member of the bargaining unit. The contrary conclusion can only be sustained upon the theory that the terms of the contract by implication are effective to preclude this right. It is my conclusion that no such implication is warranted. There is no ambiguity in the language used. If there were, particularly since the parties were dealing at arm's length, the fact that the plaintiff acquiesced in the defendant's

rejection of the very clause which the plaintiff had proposed would afford well-nigh conclusive evidence that the contract could not be construed as open to this interpretation. *Maltby, Inc.* v. *Associated Realty Co.*, 114 Conn. 283, 289, 158 A. 548.

By their agreement, the parties provided how the seniority of "employees" should affect their rights to work for the defendant as related to the rights of other of its "employees," but in no other respect did they impose any limitation upon or prescribe the manner in which the defendant should conduct its business, even though its conduct of it might affect the amount of available work. A dispute as to the defendant's conduct affecting the seniority provision would involve the application of the terms of the agreement and be arbitrable under it. A dispute as to defendant's conduct of its business in other respects would not. As the plaintiff succinctly states in its brief, "the function of the court is to pass upon the terms of the agreement to arbitrate for the sole purpose of determining whether the issue in dispute is encompassed by those terms." This the trial court did here, and in my opinion, for the reasons I have stated, correctly concluded that it is not.

It is my conclusion that there was no error.