### Elizabeth M. Caswell v. Clifford W. Caswell

Superior Court     New London County     File No. 19560

Memorandum filed May 3, 1951.

*Arthur Barrows,* of New London, for the Plaintiff.

*Thomas J. Capalbo,* of Stonington, for the Defendant.

QUINLAN, J. This is an equitable action for support. The plaintiff is living apart from the defendant and residing with her daughter and son-in-law the Goldbergs. Apparently Mr. Goldberg is in a similar line of business to that of the defendant, which on one occasion brought about a clash. Mrs. Goldberg is past young womanhood and at least has been an adviser to her mother.

The marriage has endured since April, 1913. Listening to the plaintiff alone, one would be inclined to sympathize with her, but when all the events of the family are analyzed, it works into a pattern that leaves some questionable factual situations. Wisely, the burden of proof is placed upon a party stating material affirmative allegations, and in this respect the plaintiff has failed. As late as 1949, the plaintiff left the defendant and brought a divorce action. This she later withdrew. While the

amount of evidence necessary to procure a divorce may be greater than that which justifies living apart, what evidence have we, of any substance, that has occurred since the parties reconciled? In so many words, the plaintiff says, not much, physically. This is said to have consisted of taking hold of plaintiff's arm in an unnecessary haste to get the plaintiff in an automobile for a funeral. I cannot find that it was done with the intention of injuring the plaintiff, if it really happened. Some people discolor readily to a little outside pressure.

Mentally, the plaintiff has been distracted, due to an apprehended cancerous condition. She has conferred with her husband concerning it, as to place of treatment and doctors, for investigation. Plaintiff does lay considerable stress on money needs, especially for her own personal purposes. And yet, within a short time before the plaintiff last left, they went to Providence together to shop, and had planned to go for pleasure and dinner the following Sunday.

I realize that a man may not be as pictured by his neighbors, and I certainly would not desire to force this plaintiff into an intolerable situation. However, I must be guided by the evidence. There was no medical testimony of any kind, and no mental condition that could not as well be ascribed to her cancer fear as to the defendant's treatment of her.

Strange to say, the divorce action and this action come as a culmination of the successful withdrawal by the plaintiff of $8000 from a joint account. Neither the source of this money nor the claimed payment of $1000 to the defendant was corroborated by credible evidence. There are incidents concerning dividend checks with which I shall not labor, as I believe they were used for household purposes.

And, finally, it is noteworthy that the daughter advised the plaintiff to go to Florida. She accompanied her to Danielson when the money was withdrawn. This money was transferred to the daughter. The plaintiff's note announcing her departure is strange and its closing not too coherent. The plaintiff lives with the daughter. I am then asked to use equity to aid this plaintiff in an action completely uncorroborated, except for the daughter, in details which might be persuasive. I am asked to do this in derogation of a marriage that has lasted since 1913. From the evidence, earlier and more serious difficulties were surmounted, and now, when both parties are at an age where they need one

another, some more mature understanding should be injected. The defendant should realize the apprehension that an ailment can provoke, and make tolerant allowances in kindness and the personal spending of money for the plaintiff, if she returns to him.

The bank transfer comes very close to the clean hands equitable doctrine. *LaFrance* v. *LaFrance,* 122 Conn. 556, 559; *Orsi* v. *Orsi,* 125 Conn. 66, 69. There is involved, certainly, if an allowance were made, the question of the amount, and this action was not brought until the transfer transaction was completed. Eight thousand dollars in a lump sum might well be said to constitute an equitable amount for the plaintiff, considering their ages, and plaintiff's probable expectancy, as I saw her and heard the evidence.

Judgment for the defendant with costs.