SCOVILL MANUFACTURING COMPANY *v.* SCOVILL LOCAL 1604, U.A.W. AND INTERNATIONAL UNION, UNITED AUTOMOBILE, AIRCRAFT AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, U.A.W.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 23366
AT WATERBURY

Memorandum filed April 3, 1957.

*Shepherd, Murtha & Merritt,* of Hartford, for the plaintiff.

*Margaret C. Driscoll,* of Bridgeport, for the defendant.

MELLITZ, J. This is an application for a determination whether under the provisions of the collective bargaining agreement in force between the plaintiff Scovill Manufacturing Company and the defendant union, a dispute concerning a leave of absence for one of the plaintiff's employees is arbitrable. The agreement provides that if the question of arbitrability of an issue is raised it will be decided by the arbitrator, subject to the right of either party to bring an application to the Superior Court for a final decision. Here the question was initially considered in an arbitration proceeding requested by the defendant union, and after an award was made holding the dispute arbitrable the plaintiff company brought this application for a final decision, as provided by the terms of the agreement.

The defendant's request for arbitration read in part as follows: "The Union seeks an award which would require the Company to grant Silvio E. Monti a leave of absence for one year from June 30, 1956, and suggests the following as a submission of the question to the arbitration: Was the Company in

violation of the agreement dated December 15, 1955, when it refused the request of Silvio E. Monti for an extension beyond June 30, 1956, of his leave of absence?"

The employee Monti had been in the employ of the plaintiff for more than three years when he received a leave of absence in 1951 to work as a local union official. From time to time his leave was extended by joint agreement of the plaintiff and defendant until June 30, 1955. His request at that time for a further extension was refused by the plaintiff, whereupon the defendant took the matter to arbitration. As a result, Monti was awarded an extension of his leave to June 30, 1956. The plaintiff did not dispute the arbitrability of the question in that proceeding as it has done here. On June 14, 1956, Monti requested a further extension of his leave. On June 20, 1956, the plaintiff wrote him requesting that he inform the plaintiff whether he intended to resume active employment and if so, when he planned to return. Upon advice of the union, Monti ignored this request of the plaintiff. Thereafter, on July 3, 1956, the plaintiff notified Monti that his request for an additional leave of absence was denied. This denial gave rise to the dispute which the defendant seeks to arbitrate and which the plaintiff contends is not arbitrable.

The position of the plaintiff company is that the agreement clearly provides in article XX, paragraph 3, that the length of a leave of absence will be determined by the company; that the total continuous period, including extensions, will not exceed twelve months in the case of an employee with three or more years of service; and that in meritorious cases the leave may exceed these limits if the employee requests it and if the company and union agree to it. The company says, therefore, that here is a clear unequivocal provision in the agreement requiring

voluntary agreement on the part of both the company and the union as essential prerequisites to an extension of a leave of absence such as Monti was seeking, and that the parties have not agreed to permit an arbitrator or any third party to determine the matter for them in the event of disagreement. The company contends that to permit an arbitrator to do so would mean, in effect, amending or adding to article XX, paragraph 3. This, the company points out, is expressly prohibited by article X, paragraph 15, which provides that "[t]he arbitrator shall have no power to make an award which amends, adds to, or eliminates from any paragraph of this Agreement." In short, the company contends that no bona fide dispute exists which may be properly the subject of arbitration, under the terms of the agreement.

A further provision in article XX, paragraph 3, is that "[a] person must personally report for work the day following expiration of a leave of absence ... or he will have terminated voluntarily as of the last day worked prior to the leave of absence." The company makes the additional claim that since Monti failed to report for work the day following expiration of his leave of absence, he lost his status as an employee and has no standing under the agreement to assert rights or to have the union assert such rights on his behalf under the grievance and arbitration procedure in the agreement.

The agreement provides (article X, paragraph 1) that a grievance involving interpretation of or application of provisions of the agreement may be taken to arbitration by either the company or the union. The single question presented here is whether in resolving the dispute between the parties there is required the interpretation or application of any of the provisions of the agreement. Clearly the con-

tention of the company that because Monti failed to report for work the day following the expiration of his leave he ceased to have the status of an employee and that the defendant union, therefore, had no standing to assert rights in his behalf presents an issue requiring the interpretation and application of a number of pertinent provisions of the agreement. Among these are article XXII, paragraph 8, which defines employees on the "inactive payroll," and article XVIII, paragraph 1(c), relating to the notification required to be given by an employee of his intention to return after an absence from work. The interpretation and application of these sections in the situation here presented are matters which the parties have agreed to submit to the decision of an arbitrator. *Colt's Industrial Union* v. *Colt's Mfg. Co.,* 137 Conn. 305, 308.

The main issue in the dispute stems from the company's denial of Monti's request for an extension of his leave of absence. The question is whether a determination of this issue is encompassed within the limits fixed in the arbitration provision of the agreement. Article X contains the provisions relating to arbitration and limits arbitration to "[a] grievance involving interpretation of or application of provisions of this Agreement which has not been settled in the appropriate procedure in Article IX," and further: "Arbitration will be for the sole purpose of interpreting or applying the specific provision or provisions of this Agreement involved in the grievance." To be arbitrable under these provisions a dispute must involve the interpretation or application of the contract provisions. If the subject matter of the dispute is dealt with in the contract, a decision of the dispute would appear to necessarily require the interpretation and application of the pertinent provisions of the contract dealing with that subject matter.

The subject matter of the dispute here relates to an extension of an employee's leave of absence. The particular dispute is whether the company violated the agreement in refusing Monti an extension of his leave. The provisions of the agreement relating to this subject matter are found in article XX, titled "Leaves of Absence." Paragraph 7 specifically deals with requests for an extension by a person on a leave of absence. Whether Monti was entitled to an extension of his leave was a question which requires the interpretation and application of this article of the agreement. It may well be that the contention of the company as to its right to take the position it has taken is sound and ought to be sustained. But the decision of the merits of the dispute, including the interpretation and application of the pertinent provisions of the agreement, is for an arbitrator. Among the powers conferred upon the arbitrator (article X, paragraph 7) is the following: "If the right of the arbitrator to order the remedy sought is questioned, such question shall become part of the issue to be decided by the arbitrator." The parties have selected arbitration as the tribunal to decide the dispute, and their selection must prevail.

It is concluded that the dispute is arbitrable and judgment may enter accordingly.