Nicholas M. Pette, J.
Petitioner in this proceeding moves for a court appointed arbitrator to fill a vacancy created by the resignation of Maurice J. Langsam, who was appointed by respondent. The parties are physicians who entered into a partnership agreement to engage in the practice of orthopedic surgery and medicine in and about Nassau County. Said contract provides that upon dissolution of the firm in any manner and for any cause, respondent shall not engage in orthopedic surgery for a period of one year after the termination of the partnership within a radius of three miles of petitioner’s present office, and that if petitioner terminates the partnership except for good reason, the restrictive covenant shall be inoperative.
Due to differences that arose between the parties, the petitioner served notice that he terminated the partnership as of December 15, 1957 for reasons stated in said notice, and demanded that their differences be submitted to arbitration; he designated as his arbitrator Dr. Joseph P. Stivelman, and the respondent in turn designated Dr. Maurice J. Langsam as his arbitrator. These two, unable to agree upon a third arbitrator, and endeavors by petitioner to have the matter submitted to the American Arbitration Association being of no avail, petitioner moved for the appointment by the court of such third arbitrator. The motion was granted and the court appointed George V. Fleckenstein, Esq. The respondent then moved for reargument and on reargument the court adhered to its original decision.
Thereafter arbitration hearings were held on December 14, 1957, December 26,1957 and January 4,1958, and the next hearing was appointed for January 11, 1958, but with the excuse that Dr. Langsam had to be in Boston and could not attend on that day, the next hearing was set down for January 18, 1958. About 600 pages of testimony had been taken at this *172 stage of the proceeding, petitioner had not rested its case and respondent had not opened his case. However, on January 17, 1958, respondent served an order to show cause containing a stay of the arbitration proceedings and affidavits in a motion to remove Mr. Fleckenstein on the ground that he was prejudiced, biased and partial during the hearings already held. That motion came on before Mr. Justice Hill, who, in his decision denying respondent’s motion, held in part: “ The record indicates to me that the attorney for respondent has embarked on a course of conduct to delay, as long as possible, a final determination of the issues to be arbitrated between the parties. The papers reveal nothing to suggest that Mr. Fleckenstein is either not qualified to act or that he is prejudiced, biased or partial in any way.”
Petitioner’s notice terminated the partnership as of December 15,1957, but respondent has continued to practice orthopedic surgery in the very same building, on the very same floor where the petitioner has his office, and he complains that his efforts to expedite the arbitration by holding more frequent hearings have been opposed by respondent, his attorney and Dr. Langsam in an obvious effort to prolong the hearings and to eat into the year involved in the restrictive covenant, and that they have caused postponements as well as cancellation of hearings with one excuse or another.
Petitioner has taken the initiative to diligently proceed for a final determination of the issues involved as expeditiously as possible; on the other hand, the record indicates that the respondent or his attorney have taken no steps to expedite the hearings, but, to the contrary, that their conduct has resulted in delay.
Arbitration proceedings are equitable in nature and are designed to give relief from legal technicalities. (Matter of Feuer Transp. [Local No. 445], 295 N. Y. 87, 92.) The statutory provisions regarding arbitration are contained in article 84 of the Civil Practice Act. Section 1452 of the Civil Practice Act, insofar as applicable here, provides: “If, in the contract for arbitration or in the submission * * * provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; * * * if a method be provided and any party thereto shall fail to avail himself of such method, OB. FOB ANY BEASON THEBE SHALL BE A LAPSE IN THE NAMING OF AN ABBITBATOB OB ABBITBATOBS OB UMPIBE, OB IN FILLING A VACANCY, then, upon application by either party to the controversy, the supreme court, or a judge thereof, SHALL DES *173 IGNATE AND APPOINT an arbitrator or arbitrators or umpire, as the case may require ”. (Caps and italics supplied.)
The power of this court will not be exercised unless it appears that either party has refused to nominate or that the resignation which created the vacancy was part of a patteni to delay, thwart or obstruct the arbitration.
The record here indicates that there has been an unnecessary and unreasonable lapse of time on the part of the respondent in nominating an arbitrator to fill the vacancy created by the resignation of Dr. Langsam. In such circumstances, I am satisfied that equitable principles and the interests of justice will best be served by the appointment of an arbitrator by this court to fill said vacancy. The arbitrator so appointed shall act under the said contract with the same force and effect as if he had been specifically named therein, and who shall, with the other two arbitrators, proceed with the arbitration promptly and without delay to its expeditious final determination.
The fact that one side will be able to appoint its arbitrator, whereas the other side will be required to accept the court’s choice, does not work such injustice that contractual rights may be disregarded. Under section 1455 of the Civil Practice Act, the arbitrators swear '' faithfully and fairly to hear and examine the matters in controversy and to make a just award according to the best of their understanding ’ ’. If that oath be violated and an award procured by fraud or corruption or if an award be tainted by partiality or interest of an arbitrator, it will be vacated. (Matter of Shirley Silk Co. [American Silk Mills], 260 App. Div. 572.) Upon a showing that there is reason to believe that an arbitrator is incapable of discharging his duties in an impartial manner, he may be removed. (Western Union Tel. Co. v. Selly, 295 N. Y. 395.) Thus, it is clear that the law provides adequate protection for the interests of respondent, and I cannot see that harm may result from the appointment by this court of an arbitrator to fill the vacancy.
Petitioner’s motion is granted to the extent indicated.
Settle order on notice.