Chief Judge Desmond (dissenting).
On these facts the arbitrator was correctly held to be disqualified and subject to removal. The appeal does not present the broader and more general question as to whether a party may validly nominate as one of three arbitrators a person whose business or personal relationship to the party is so close as presumably to predispose him in favor of his sponsor. Here the interest of the nominee is not presumed but actual, the conflict direct. It is ancient wisdom not lightly to be discarded that “ No one should be judge *139 in his own cause ” (Maxims of Publilius Syrus, 42 B. C.). Dr. Baehr is a director and paid consultant and former president of HIP. As the Appellate Division majority wrote: ‘ ‘ He is, therefore, essentially a ‘ party ’ to the dispute because he is now asked to sit as an arbitrator to determine the propriety or fairness of a decision in the making of which he participated. ’ ’ If there is anything left of the idea that a director is an agent of and trustee for his corporation (Continental Securities Co. v. Belmont, 206 N. Y. 7, 16) or anything left of the concept that an arbitrator is “ a judge appointed by the parties ” (Fudickar v. Guardian Mut. Life Ins. Co., 62 N. Y. 392, 399) and that he “ acts in a quasi-judicial capacity ” (Matter of American Eagle Fire Ins. Co. v. New Jersey Ins. Co., 240 N. Y. 398, 405), Dr. Baehr is as matter of law not qualified to sit on this arbitration board. Only by so holding can we preserve a concept which is rooted not in naíveté or impracticality but in integrity and principle. If Dr. Baehr can be an arbitrator when his own corporation is a party, then an individual party can name himself as his own arbitrator-judge and the whole affair becomes a cynical travesty of the arbitral process, ‘ ‘ calculated to bring the system of enforced arbitrations into disrepute ” (Matter of American Eagle Fire Ins. Co. v. New Jersey Ins. Co., supra).
There is in this court no authority precisely in point but such decisions as there are show that arbitrators have been held disqualified because of relationships to the parties or to the controversy, or because of “ interest ” much more remote than demonstrated here (see Western Union Tel. Co. v. Selly, 295 N. Y. 395; Matter of Milliken Woolens [Weber Knit Sportswear], 11 A D 2d 166, affd. 9 N Y 2d 878; and for a general statement of the rule, Matter of Lipschutz [Gutwirth], 304 N. Y. 58, 65). As to the equitable power of the court (see Matter of Lipschutz [Gutwirth], supra, p. 63; Matter of Feuer Transp. [Local No. 445], 295 N. Y. 87, 91) to remove an unqualified arbitrator before the hearings, there should be no doubt (Western Union Tel. Co. v. Selly, 295 N. Y. 395, supra). That is the time to pass on such a clause of ineligibility since if the party knowing the disqualifying facts as to his opponent’s nominee nevertheless participates in an arbitration without applying for the nominee’s removal his inaction will constitute *140 a waiver (Matter of Newburger v. Rose, 228 App. Div. 526, affd. 254 N. Y. 546).
We are, of course, not dealing here with arbitration agreements, if any such there be, where the parties have expressly or by necessary implication consented that a party’s nominee may be a director, officer, employee, agent or attorney of that party.
The order should be affirmed, with costs.
Judges Van Voorhis, Burke and Foster concur with Judge Fuld ; Chief Judge Desmond dissents in an opinion in which Judges Dye and Froessel concur.
Order reversed, with costs in all courts, and matter remitted for further proceedings in accordance with the opinion herein. Questions certified not answered.