William 0. Heoht, Jr., J.
This is a motion to stay arbitration. The parties hereto entered into a contract for the purchase of real estate, the construction of a garage thereon, and a long-term net lease to be given back as part of the package deal.
The contract contains an arbitration clause as follows: “In the event that there is any dispute between the parties hereinto pertaining to the terms of this agreement, then the parties ’ ’. (Emphasis supplied.)
The respondent is not seeking under arbitration to have an award as to any of the terms of the contract, but requests to have incorporated into the contract different terms or changes in terms as required by a change in the circumstances between the parties, in accordance with the express agreement that if they could not agree on any dispute pertaining to the terms of the agreement, then the matter was to be arbitrated. The respond *356 ent urges that the practical construction the parties themselves have given to the contract, the embryonic nature of the entire venture, the fluidity of the positions, the changes agreed to, and the wide scope of the arbitration clause, bring this case within established authorities supporting arbitration as to the changes sought.
None of the cases cited support the main relief sought by respondent, which is, in simple language, the right to vary the terms of the written contract through the intervention of arbitration.
Whether the court would allow such variance if it had been brought before the court in the first instant, or whether the arbitrators could modify the contract under the existing law even if the matter were rightfully before them, are not the principal questions at this stage of an application to stay arbitration.
The petitioner urges that there is no dispute arising within the terms of the contract. Respondent concedes that, but states that it is not asking for an award against the clear terms of the contract. The court cannot compel arbitration as to controversies beyond the scope of those specifically stated in the contract (Belding Hemingway Co. [Wholesale & Warehouse Worker’s Union], 295 N. Y. 541). The key is that the issue must be referable to the arbitration agreement, or else there is no compulsion to arbitrate that issue. The issue herein would cover the variance of the terms of the contract as to 18 features therein. It is a well-established rule that “ No one is under a duty to resort to arbitration unless by clear language he has so agreed ” (Matter of Lehman v. Ostrovsky, 264 N. Y. 130, 131). Through the principle of arbitration in commercial transactions is a sound one, and should be encouraged, no one may be compelled to give up his right to resort to established judicial tribunals with all their safeguards unless he has agreed by a writing to do so (Matter of Philip Export Corp. [Leathertone, Inc.], 275 App. Div. 102). Respondent claims that there are broad terms within the arbitration clause. Whether broad or limited, the language is not specific enough to permit a change of the terms of the contract itself.
To the extent to which the respondent seeks to change the contracts, even though the arbitrators may not grant all the requests, the principles heretofore stated compel the conclusion that respondent has failed to prove that such changes were subject to arbitration. Accordingly, the application to stay arbitration on the submitted matter is granted. Cross motion is denied.