THE STATE, DEFENDANT IN ERROR, v. KATE MORRIS, PLAINTIFF IN ERROR.

Submitted July 3, 1919—Decided December 31, 1919.

1. Although it is entirely settled that language used by the inmates of a house charged to be disorderly may be evidential respecting the character of the house, such language, unless used in the hearing of the defendant, must be of itself disorderly, or must be used in connection with acts which, together with the language, exhibit disorderly conduct.

2. In the trial of a criminal case, a statement made by a person to another relating to the offence with which the defendant is charged, and which injuriously affected him, is competent evidence against him, if made in his presence, or in his hearing; and when his position with relation to the speaker is such that he might have heard it, it is for the jury to determine from the facts in the case whether he did hear such statement.

---

On error to the Essex County Court of Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the plaintiff in error, Frank M. McDermit.

For the state, J. Henry Harrison, prosecutor of the pleas, and John A. Bernhard, assistant prosecutor.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. Plaintiff in error was indicted for the keeping of a disorderly house, the specific charge being that she maintained a house of ill fame at 371 Halsey street, in the city of Newark. At the trial the jury found her guilty of this offence, and the judgment entered upon that verdict has been removed here for review.

It appears from the proofs in the case that on the 5th of October, 1918, the police of Newark raided the defendant's place and arrested her and two other parties found there; a woman named Webb and a man named Buzzene. These two were taken into custody by Officer Gray, who testified that they came into the sitting-room from an adjoining bedroom; and their apparel appears to have been in such a condition as at least to justify a suspicion that they had just been engaged in sexual intercourse. At the time they came into the sitting-room the defendant was in the hall, in charge of another officer, and, as Gray testified, within about ten feet of himself, the woman Webb and Buzzene. Gray asked Buzzene what he was doing there; the latter replied that he had gone there to have a good time, and that he had paid $3. He then questioned the woman, and she said that she had had intercourse with Buzzene, and that he gave her $3 for it; that she went fifty-fifty with the madam; and (in response to further questioning) that she had had about ten men that day, and that she went fifty-fifty with the madam of the house. All of this testimony was objected to by counsel for the defendant upon the ground that the conversation did not take place in the presence of his client. The objection was overruled, the theory of the trial court being that it was immaterial whether the defendant was or was not present, for the reason that the conversation tended to establish the character of the house. This ruling was based upon the court's understanding of our decision in *State* v. *Littman*, 86 *N. J. L.* 453, where we said that on the trial of an indictment for keeping a disorderly house acts of a disorderly character by persons in the house, and what was said by them at the time as a part of those acts, are admissible to establish the character of the house, irrespective of whether the alleged keeper was present or not.

The scope of the rule is more fully indicated in the earlier case of *State* v. *Sweet,* 81 *N. J. L.* 250, where it is stated that, although it is entirely settled that language used by the inmates of a house charged to be disorderly may be evidential respecting the character of the house, such language, unless used in the hearing of the defendant, must be of itself disorderly, or must be used in connection with acts which, together with the language, exhibit disorderly conduct. It may be conceded, for the purposes of the case, that the statements of the Webb woman and of Buzzene, so far as they related to their illicit intercourse, were so closely connected with the act itself (apparently interrupted, or just completed) as to be a part thereof, and so within the rule of the cases cited. But, manifestly, the woman's subsequent statement that she had had illicit relations with other men—necessarily earlier in the day—and had divided with the defendant the moneys she had received from them, was not admissible under the doctrine of State *v.* Sweet and State *v.* Littman. It was not descriptive of the character of any present act which had come under the observation of the witness, nor was it explanatory of any such act. On the contrary, it referred to alleged antecedent acts of which the witness had no knowledge, and which, so far as he knew, might never have occurred.

But, although this testimony did not come within the doctrine of these cases, it ought not for that reason to have been excluded. The statement, if true, demonstrated that the defendant was guilty of the charge laid against her in the indictment. At the time it was made she was standing within ten feet of Officer Gray and the Webb woman, apparently near enough to have heard it. It is true that Officer Gray, in one part of his testimony, says that the defendant did not hear the conversation; but it is plain that this was merely the expression of an opinion on his part. If the defendant, in fact, heard the conversation, and said nothing by way of denial, or contradiction of the charge contained in it, that fact clearly was one for the jury to consider; and where the situation of the parties is such that the defendant might have heard the conversation, the question of whether she did or whether she

did not must be settled by the jury under all the circumstances of the case. In *State* v. *Rosa*, 72 *N. J. L.* 462, it was held by the Court of Errors and Appeals that in the trial of a criminal case a statement made by one person to another in the presence of the defendant relating to the offence with which the latter is charged, and which injuriously affected him, is competent evidence against him if made in his presence or in his hearing; and when his position with relation to the speaker is such that he might have heard it, it is for the jury to determine from the facts in the case whether he did.

We conclude, therefore, that the testimony was properly admitted under the principle last stated. The proper method of safeguarding the interests of the defendant was for her counsel to have requested the court to instruct the jury that they should determine from the facts proved whether or not the defendant heard the statement of the Webb woman, and that unless they found she did hear it they should disregard the testimony of Officer Gray, so far as it related thereto.

Other assignments of errors and grounds of reversal have been discussed in the brief of counsel for the defendant. We have examined them and find them to be without merit. They are none of them of sufficient importance to justify discussion by us.

The judgment under review will be affirmed.