STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. PERCY SPRIGGS, PLAINTIFF IN ERROR.

Argued May 7, 1929—Decided November 8, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the plaintiff in error, *Walter Comer.*

For the state, *Louis A. Repetto,* prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.. The grand jury of Atlantic. county returned two indictments against Percy Spriggs, the defendant below and the present appellant, one of which charged that he did commit a notorious act of public indecency in and upon one David Marks by taking the private parts of the said David Marks in the mouth of the said Spriggs and which act was grossly scandalous and tended to debauch the morals and manners of the people. The other indictment charged a similar offense committed upon the person of one Robert Hasson. Marks and Hasson were each of them boys about fifteen years old at the time of the com-

mission of the alleged offenses. The indictments were tried together by consent of counsel, and there was a conviction of the defendant upon each of them.

The proofs in the case showed that each of these offenses was committed at the home of the defendant, and the only ground upon which we are asked to reverse the convictions is that the proofs showing this situation did not tend to support the charge contained in the indictment; that is, they did not show that these acts were acts of public indecency.

The indictments were based upon section 51 of our Crimes act as amended in 1906. *Pamph. L., p.* 101. The original section reads as follows: "Any person who shall be guilty of open lewdness, or any notorious act of public indecency, grossly scandalous and tending to debauch the morals and manners of the people, shall be guilty of a misdemeanor." The amendment of 1906 added the following after the words "morals and manners of the people"—"or any person who shall in private be guilty of any act of lewdness or carnal indecency with another, grossly scandalous and tending to debauch the morals and manners of the people." As was pointed out by this court in *State* v. *Michalis*, 99 *N. J. L.* 31, the statute as amended makes the acts described therein criminal offenses whether they are openly and publicly done or whether they are done in private in the presence of no one except the two participants. This being so, it seems to us that the inaccuracy of the statement contained in the indictments (namely, that the acts of indecency were public) is immaterial. Counsel for the defendant admits that the proofs would have fully justified a conviction if the indictment had charged that the acts were committed in private. Whether, in view of the statute as amended, it is necessary for the indictment to contain a declaration that the indecent act was committed in public or in private, as the case may be, we do not consider it necessary to determine. Assuming that the indictment should so recite, the fact that the recitals in the present cases are erroneous affords no ground for reversal, in our opinion. It is not suggested that the defendant was misled by them as to the charges upon which he was to be

tried or that he was deprived of any substantial right by reason thereof. The case comes before us under the one hundred and thirty-sixth section of the Criminal Procedure act, and this section provides, among other things, that no judgment given upon any indictment shall be reversed for any imperfection, defect in or lack of form in the indictment or for any error except such as shall or may have prejudiced the defendant in maintaining his defense upon the merits. It being clear that this imperfection or defect in the indictments could not have prejudiced the defendant in maintaining his defense upon the merits, we feel that we would not be justified in reversing the convictions upon the ground advanced by counsel for the plaintiff in error. The present case is somewhat similar in its essence to that of *State* v. *Hummer, 72 Id.* 328, in which the trial court erroneously instructed the jury as to what constituted the carnal abuse of a female child. This court refused to reverse the conviction because of this error, the refusal being based upon the fact that the error could not have prejudiced the defendant in maintaining his defense upon the merits and holding that for this reason the reversal of the conviction could not be justified in view of the provision of the one hundred and thirty-sixth section of the Criminal Procedure act.

The judgments under review will be affirmed.