PRATT, READ AND COMPANY, INC. *v.* UNITED FURNI-
TURE WORKERS OF AMERICA, LOCAL 105, C. I. O.

UNITED FURNITURE WORKERS OF AMERICA, LOCAL 105,
C. I. O. *v.* PRATT, READ AND COMPANY, INC.

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued October 11—decided November 29, 1949.

 

*Walfrid G. Lundborg,* with whom, on the brief, was *James H. Gould,* for the appellant-appellee (Pratt, Read and Company, Inc.).

*Harry Weinstock,* of the New York bar, with whom was *Samuel Gruber,* for the appellant-appellee (United Furniture Workers of America, Local 105, C. I. O.).

JENNINGS, J. These cases were tried together. The parties will be referred to as the union and the company respectively. In the first case, the company appealed from the refusal of the trial court to vacate an award made by the state board of mediation and arbitration, hereinafter referred to as the board, claiming that it was not made within the time limited by statute. In the second, the union sought to have the award corrected and, as corrected, affirmed, or in the alternative, to have it confirmed as rendered. The trial court adopted the alternative. The company appealed on the same ground as asserted by it in the other case, that the award was not made in time. The union filed a cross appeal and claimed that the trial court should have corrected the award. The application to the Superior Court in the first case was made under General Statutes, § 8163, and that in the second case under § 8162. Both sections are a part of chapter 398 of the General Statutes, which deals with arbitration generally. Proceedings before the board are governed by chapter 369 of the General Statutes. There are marked differences between the procedures

outlined in the two chapters. The parties have assumed, and we assume for the purposes of this case, that arbitration proceedings before the board under chapter 369 are within the scope of the sections cited above.

The facts are not disputed. The union and the company were operating under a labor relations contract. The contract provided that labor disputes should be submitted to the board for arbitration. The company discharged fourteen employees allegedly for cause. On or before May 26, 1948, the following submission was made: "Whether or not the stated cause for the discharge of the employees hereinafter named was proper cause within the meaning of the word as understood in the Agreement." Hearings were held on May 26, June 25 and July 13, and the decision of the board was rendered September 10. The date of the completion of its investigation was not found. It decided that the discharge of seven employees was improper and that the discharge of the other seven was proper. No question of reinstatement and back pay was submitted to the board and no claim or evidence with respect thereto was offered to it. These questions were raised and these claims were made for the first time in the trial court in connection with the union's motion to modify and correct the award. The trial court found the amount due each employee as back pay. It does not appear upon what basis this finding was made.

The contract provides that an employee improperly discharged shall be reinstated with back pay less such amounts as have been earned elsewhere. The union claimed that all essential conditions for the reinstatement of the seven employees held improperly discharged, together with the amount due each, were found and that the award should be corrected to include these elements. The trial court refused this

relief on the ground that it was outside the submission.

The charter of an arbitrator is the submission and no matter outside the submission may be included in the award. *Palmer* v. *Green,* 6 Conn. 14, 18; *Hamlin* v. *Norwich,* 40 Conn. 13, 23; *Schoolnick* v. *Finman,* 108 Conn. 478, 481, 144 A. 41; Sturges, Commercial Arbitrations & Awards, pp. 144, 229; Russell, Arbitration & Award (13th Ed.) pp. 201, 210, 211. This general principle is affirmed in the contract referred to, article 8, § 2, which provides that the board "shall render its decision . . . solely on the meaning and interpretation of the particular provisions of the contract which gave rise to the dispute."

The union admits the general principle but claims that it does not prevent action by the court in this case. It cites General Statutes, § 8162 (c), which directs the court to modify or correct the award "if the award shall be imperfect in matter of form not affecting the merits of the controversy. The order shall modify and correct the award, so as to effect the intent thereof and promote justice between the parties." The company's brief does not treat of this matter. The union is right in saying that the statute is a procedural device. It does not empower the court to make a correction which affects the merits of the controversy. *Smith* v. *Cutler,* 10 Wend. (N. Y.) 590. Such important matters as an order of reinstatement and an award of back pay which, according to the finding, would amount to at least $14,000 affect the merits of the controversy. The corrections sought are dehors the submission. The remedial character of arbitration and its purpose to secure a prompt, equitable and final disposition of the matter in dispute may be admitted, but the union cannot prevail on this contention unless it can establish its final claim. This is that the adjudicated cases show that to accomplish this result the

courts have passed on extrinsic matters to such an extent as to make the practice a part of the common law. None of the numerous cases cited supports the proposition that, on a direct proceeding to correct an award, the court has gone outside the case before the arbitrators. A few are noted as examples: *Bouck* v. *Wilber*, 4 Johns. Ch. (N. Y.) 405, 407 (clerical mistake corrected); *McIntosh* v. *Hartford Fire Ins. Co.*, 106 Mont. 434, 440, 78 P. 2d 82 (award set aside as outside the submission); *Low Estate Co.* v. *Lederer Realty Corporation*, 35 R. I. 352, 361, 86 A. 881 (award set aside).

Of the two cases most nearly supporting the union's proposition, *Modernage Furniture Corporation* v. *Weitz*, 64 N. Y. S. 2d 467, was at nisi prius. The exact terms of the submission do not appear, but it apparently involved the question whether the discharge of a union employee was justified. The arbitrator found facts justifying the discharge but ordered a warning. This was held to be beyond the authority of the arbitrator and the award was modified by ordering a discharge. The other case is *Chase* v. *Strain*, 15 N. H. 535. The submission was "to settle the value of work done on said Strain's house." The award was (p. 538) to pay Chase the sum of $15.16, "being the value of the work." It was objected that the order to pay was beyond the submission. The court held (p. 539): "The award, in this particular, if literally beyond the submission, is not substantially so, and is therefore valid."

The claim of the union to have the whole controversy settled in this proceeding has merit as a practical matter. It remains true, however, that parties who set up their own private tribunal must be bound by the limits they have themselves fixed. *Lauman* v. *Young*, 31 Pa. 306, 310. To allow the exception sought would

result in confusion, and if the principle claimed were adopted it would be hard to draw the line. The trial court did not err in refusing to correct the award.

The company appealed, in effect, because the decision was not handed down within sixty days of the submission, as required by General Statutes, § 8159. This section appears in chapter 398, entitled "Arbitration Proceedings." The trial court held that the application of the union was a special proceeding governed by the provisions of chapter 369 and that where, as in this case, provisions of the two chapters are inconsistent, specific terms covering the given subject matter will prevail over general language of the same or another statute which might otherwise prove controlling. *Wardwell* v. *Killingly*, 97 Conn. 423, 433, 117 A. 520. The inconsistency is between § 8159, and § 7384, which provides that the decision of the board "shall be rendered within ten days after the completion of the investigation." The general arbitration provision starts the running of the time from the date of submission, the special proceeding from the date of completion of the investigation, a date which, as above stated, was not found. The trial court was correct in holding that the general provision (§ 8159) did not apply. This disposes of the appeal of the company in both cases.

There is no error on either appeal.

In this opinion the other judges concurred.