6 N.J. Super. 97 (1950)
70 A.2d 180
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN R. TOOHEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 21, 1949.
Decided January 4, 1950.
*98 Before Judges JACOBS, DONGES and BIGELOW.
Mr. Robert J. McCurrie argued the cause for defendant-appellant (Mr. James J. Farley, attorney).
*99 Mr. C. William Caruso argued the cause for plaintiff-respondent (Mr. Duane E. Minard, Jr., Essex County Prosecutor).
The opinion of the court was delivered by BIGELOW, J.A.D.
The appellant was indicted and convicted of an act of lewdness committed in private, contrary to the provisions of R.S. 2:140-1.
The alleged actions on which the State relied were done in a sedan standing on a public street in Irvington. From this, the defendant contends that he could not have been guilty of private lewdness, but only of public. Assuming that the indictment should have characterized the alleged acts as public rather than private lewdness, still there is here no ground for reversal. The defendant was not misled as to the matters of which he was accused, or prejudiced in his defense. State v. Spriggs, 106 N.J.L. 4 (Sup. Ct. 1929).
The defendant, upon his arrest, and a small boy who was found with him, were taken to the police station. Soon the boy's mother arrived. The mother asked her son questions,  leading questions,  and his answers added up to a charge of lewdness against the defendant. The defendant was in the same room, only five or six feet away, while this conversation was taking place. He did not, at the time, deny the truth of the boy's statement but remained silent. Evidence of the child's statements and the defendant's silence was received over the defendant's objection.
The general rule is entirely settled that evidence is admissible of a statement relevant to the offense charged if it is made in the presence of the accused and if the truth of the statement is not denied by him at the time. Donnelly v. State, 26 N.J.L. [[*]463] 504; affirmed, Idem., 601 (1857); State v. Friedman, 136 N.J.L. 527 (E. & A. 1948). If the witness testifies that the defendant did speak up and deny the charge, proof of the accusatory statement is not admissible. "It is requisite that the conduct of the accused reasonably justify the conclusion of assent, express or implied, to the truth of its contents." State v. Sorge, 123 N.J.L. 532; *100 affirmed, 125 Id. 445 (1940). The appellant in the instant case objects particularly because the alleged statement was made while he was under arrest. The testimony should not be admitted if it appeared that the declaration "was made in the course of a judicial inquiry, or when circumstances existed which rendered a reply inexpedient or improper, or that fear, doubts of his rights, or a belief that his security would be better promoted by silence than by a response, governed him at the time." Donnelly v. State, supra, at p. 612. The statement "must have been made on an occasion when a reply from him might properly be expected." Roesel v. State, 62 N.J.L. 216, 235 (E. & A. 1898). In that case, a detective had told the prisoner that he needn't say anything at all if he didn't want to. The court held that his silence could not be used as an admission. But our precedents clearly establish that the circumstance that the defendant is under arrest does not by itself make the declaration inadmissible. State v. Rosa, 72 N.J.L. 462 (E. & A. 1905); State v. Morris, 94 N.J.L. 19; affirmed, Idem., 567 (1920). For cases from other jurisdictions, see Annotation, 80 A.L.R. 1259 and 115 Id. 1517.
The boy in the case before us was only four and a half years old. If he had been offered as a witness, his testimony would not have been received and so, the defendant argues, evidence of his accusation is inadmissible. But our law does not support the objection. "While the thing that is proved is the statement made to the party, the thing that proves it. i.e., the thing that makes it evidence, is the act of the party himself, viz., his silence." State v. MacFarland, 83 N.J.L. 474, 484 (E. & A. 1912). So a statement by the defendant's wife has been accepted. State v. Laudise, 86 N.J.L. 230 (E. & A. 1914). And an identification by a four-year-old child. State v. Claymonst, 96 N.J.L. 1 (Sup. Ct. 1921).
The defendant testified that he did not hear what the boy said to his mother. Where the situation is such that the defendant may have heard the statement, the question whether he actually heard it, or whether his silence was due to not hearing it, is a question for the jury. And indeed the *101 decision of the judge that the testimony is admissible, does not preclude them from finding that the circumstances excused the defendant from making a denial. The whole effect of the testimony is for them. State v. Rosa, supra; State v. Morris, supra. As pointed out by the late Chief Justice Gummere in the last cited case, counsel ought request the trial court to instruct the jury on the subject of evidence of this character. But the effect of such evidence is so apt to be misunderstood by the jury that, even in the absence of a request from counsel, the court should charge the jury that the hearsay statement has no weight of itself, but only as they may find that the defendant has by his silence adopted it. Compare State v. Kysilka, 85 N.J.L. 712 (E. & A. 1914). Proof of an alleged oral confession should always be weighed cautiously, for not only may the witness falsify or exaggerate but he may have misunderstood what the defendant said, or his memory may be inaccurate. Wig. Ev., § 866. See State v. Aaron, 4 N.J.L. [[*]231] 269 (Sup. Ct. 1818). Where admissions are implied from silence, the trier of the facts should be doubly cautious, for in addition to the reasons that apply to oral confessions, there may be doubt whether the defendant heard and understood the statement which his silence is supposed to admit as true, and doubt whether he did not consider that he ought to remain silent until he were directly questioned.
The appellant lastly argues that the verdict was against the weight of the evidence. While the State's case was not strong, there was certainly enough to justify the verdict, even though the admission by silence be discounted heavily. The judgment is affirmed.