UNITED ELECTRICAL RADIO AND MACHINE WORKERS OF AMERICA, LOCAL 235 *v.* UNION MANUFACTURING COMPANY

HONORABLE LOUIS SHAPIRO, A JUDGE OF THE SUPERIOR COURT

Memorandum filed August 15, 1957.

452

*Gruber & Turkel,* of Stamford, for the plaintiff.

*Shipman & Goodwin,* of Hartford, for the defendant.

SHAPIRO, J. It is elementary that the charter of an arbitrator is the submission. *Pratt, Read & Co.* v. *United Furniture Workers,* 136 Conn. 205, 208. The submission as agreed on June 7, 1957, in the case at bar read: "Under article XX of the agreement dated November 4th, 1955 does the union have the right to reopen the agreement for the negotiation of wages and for group insurance as of April 1, 1957?" The award of the arbitrators made on July 26, 1957, was: "Under article XX of the agreement dated November 4th, 1955 the union does not have the right to reopen the agreement for the negotiation of wages and/or group insurance as of April 1, 1957." On its face, the award, with its categorical answer to the question propounded, would appear to be in the strictest conformity with the submission.

It should be noted, however, that article XXI of the agreement provides that the agreement "shall become effective November 4, 1955 and shall remain in full force and effect for one year and thereafter for successive yearly periods unless notice is given . . . ." Article XX provides that "either party, may reopen this agreement once, for the purpose of discussing wages and/or the group insurance program only, by giving written notice to the other party on or after April 1, 1956." Article XII allows for the selection of an arbitration panel, and then provides that "the decision of this panel shall be final and binding on both the employer and the union *provided* that the full legal rights of the parties in the courts shall not be restricted in any way. The arbitration panel shall not modify, alter, add to or subtract from the provisions of this contract . . . ."

The union argues that under article XX, the language "may reopen this agreement once" means once during the first year and once during each of the successive yearly periods. The employer claims this means what it says literally, namely that the union may reopen only once during the entire period covered by the combined first year and successive yearly periods. Arbitrators are not bound to follow strict rules of law, unless it be made a condition of the submission. *Liggett* v. *Torrington Building Co.,* 114 Conn. 425, 432. In the case at hand, the parties agreed that the decision of this panel shall be final and binding provided the full legal court rights of the parties shall not be restricted and further that the panel shall not modify, alter, add to or subtract from the contract's provisions. Every provision in a contract should be given effect. *Byram Lumber & Supply Co.* v. *Page,* 109 Conn. 256, 264. If the arbitrator has clearly misinterpreted the terms of the contract which he has applied to the facts to reach his award, then his award is contrary to law. *Chase Brass & Copper Co.* v. *Chase Brass & Copper Workers Union,* 139 Conn. 591, 596. Thus, the question before me is whether the interpretation which the panel must necessarily have placed on article XX of the agreement to make their award is tenable.

In the course of argument it was stated that during the first year of the contract the union exercised its right thereunder to reopen the agreement. Having so acted once, it is the company's claim that the union is without a right to reopen the agreement again. The company claims that this is what was agreed on by the parties and the union cannot now be heard to complain.

Assuming that the agreement had not been renewed, then we have a situation where during that year all of its provisions would be applicable, including the right to once reopen it. This right to re-

open is obviously a valuable one to the union. Where the agreement is renewed can it be said that it was intended to limit this right "once" to the first year only and not also "once" to a renewal period?

In reading article XX together with the others, it seems clear that the use of the language "either party, may reopen this agreement once" was intended to mean once during the first year only if the agreement were not renewed. However, where it was renewed, then logically it follows that it was intended that after the first year either party should have the right to also reopen once on or after April 1 of the renewal year. It could hardly be construed otherwise than to say that if the agreement "shall remain in full force and effect . . . for successive yearly periods," it could only remain in "full force and effect" with the inclusion of one annual reopening by either party. To limit article XX to only the first year but apply all the other articles to renewal years is a clear misinterpretation of the contract by the arbitrators. For that reason, the award is contrary to law, because by so acting they have gone contrary to the language in the last two sentences of article XII.

Accordingly, the award is vacated and the matter ordered proceeded with in the light of the determination here, that on or after April 1, 1957, for the renewal year of November 4, 1956-57, either party may reopen the agreement once for the purposes appearing in article XX thereof. The motion of the company is denied.