[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON APPLICATION TO CORRECT ARBITRATION AWARD
Haynes Construction Company (Haynes) has moved for an order correcting an award of arbitration issued on December 5, 1997, in CT Page 1976 connection with a dispute between it and Emidio Woodworking 
Sons, Inc. (Emidio.)
The facts are set out in the parties' submissions and will not be reviewed here.
Haynes relies upon Conn. General Statutes Section 52-419, which states in relevant part that a judge shall make an order correcting an arbitration award "if it finds any of the following defects: (1) If there has been an evident material miscalculation of figures or an evident material mistake in the description of any person, thing or property referred to in the award."
Where the parties mutually agreed to submit a dispute to arbitration, as in this case, see Exhibit A attached to Application to Correct Arbitration Award, judicial review is limited. Hartford v. Board of Mediation Arbitration,211 Conn. 7, 14 (1989). The party challenging the arbitration award bears the burden of producing evidence sufficient to invalidate it by showing that it falls within Section 52-419. The court is without authority to make a correction in the amount of the award which affects the merits of the controversy.Pratt, Read Co. v. United Furniture Workers of America,Local 105, 136 Conn. 205, 208 (1949).
I agree with Emidio's argument that in this case it is the means or method by which the arbitrator arrived at his award, not the alleged evident material miscalculation of figures, which forms the basis for Haynes application. To grant the application would. in the Court's view, be to affect the merits of the controversy.
I conclude that, on the present record, Haynes has failed to demonstrate that there has been an evident material miscalculation of figures. The application is therefore denied.
Douglas S. Lavine Judge, Superior Court