[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPLICATION TO VACATE AND/OR MODIFY OR CORRECT ARBITRATION AWARD (DOCKET ENTRY NO. 103)
CT Page 10983
The following facts are taken from the defendants application to vacate and/or modify or correct the arbitration award and remain undisputed by the plaintiff. On September 10, 1991, the plaintiff, Arnie's Heating and Air Conditioning, Inc., and the defendant, Pace Construction Company, Inc., entered into a subcontract agreement that included a written agreement for arbitration. On December 22, 1992, the plaintiff filed a demand for arbitration with the American Arbitration Association for "breach of agreement," and demanded arbitration under Article 13 of the subcontract. The parties proceeded to arbitration, and the arbitrator awarded the plaintiff $86,419.
On April 23, 1999, the plaintiff filed an application to confirm the arbitration award. On May 3, 1999, the defendant filed an application to vacate and/or modify or correct the arbitration award on the grounds that the award was for a claim not subject to arbitration, the arbitrator exceeded his powers and the award was based on a material miscalculation of figures.
The defendant first argues that the dispute in question was not arbitrable. "Whether a particular dispute is arbitrable is a question for the court, unless, by appropriate language, the parties have agreed to arbitrate that question. . . ." (Internal quotation marks omitted.) White v. Kampner, 229 Conn. 465, 472,641 A.2d 1381 (1994). To determine the arbitrability of a dispute, the court must determine whether the parties manifested an intention to submit the issue to arbitration. See id. The manifestation of arbitrability may be by express provision to that effect or by the use of broad terms. See id. Courts look to the plain language of the contract and construe the contract as a whole when determining the intent of the parties. See id., 473.
Because arbitration is favored, a court will "defer to this alternative method of dispute resolution if the contractual arbitration provisions fall within the grey area of arbitrability. . . . [Arbitration of] the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." (Internal quotation marks omitted.) Id., 472-73. CT Page 10984
Here, Article 13 of the subcontract provides: "All claims, disputes and other matters in question arising out of, or relating to, this Subcontract, or the breach thereof, shall be decided by arbitration. . . ." (Defendant's Exhibit C-5, Subcontract, Article 13.) The plaintiff submitted the demand for arbitration to decide the issue of the "breach of agreement." (Application to Vacate and/or Modify or Correct Arbitration Award, ¶ 2.) The agreement in dispute was a verbal agreement to repair damage done by vandals to the work previously done by the plaintiff under the subcontract.[1] (Defendant's Exhibit VI, Ruling Regarding the Arbitrability of the Vandal and Theft Claim, ¶ 3.) Although the agreement in dispute was not the original subcontract, the court cannot say with positive assurance that the dispute did not arise out of the subcontract. Therefore, the court finds that the issue submitted to the arbitrator was arbitrable.
The defendant next contends that the arbitrator exceeded his power because the award was for a claim not included in the subcontract. Pursuant to § 52-418(a)(4) of the General Statutes, a court shall vacate an arbitration award "if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."
"Ordinarily, arbitration is a creature of contract whereby the parties themselves, by agreement, define the powers of the arbitrators. . . . Parties who have contracted to arbitrate certain matters have no duty to arbitrate other matters which they have not agreed to arbitrate. . . . Where the parties have voluntarily and contractually agreed to submit to arbitration and have delineated the powers of the arbitrator through their submission, then the scope of judicial review of the award is limited by the terms of the parties' agreement . . . Thus, in determining whether an arbitrator has exceeded his authority or improperly executed the same under § 52-418(a), the courts need only examine the submission and the award to determine whether the award conforms to the submission. . . . Under an unrestricted submission, the arbitrators' decision is considered final and binding; thus the courts will not review the evidence considered by the arbitrators nor will they review the award for errors of law or fact." (Citations omitted.) American Universal Ins. Co. v.DelGreco, 205 Conn. 178, 185-86, 530 A.2d 171 (1987)."Such a limited scope of judicial review is warranted given the fact that the parties voluntarily bargained for the decision of the CT Page 10985 arbitrator and, as such, the parties are presumed to have assumed the risks of and waived objections to that decision." Id., 186-87. "Every reasonable presumption is made in favor of sustaining the award . . . and the burden of demonstrating the nonconformance of the award to the submission is on the party challenging the arbitrator's decision. Bruno v. Department ofConsumer Protection, 190 Conn. 14, 19, 458 A.2d 685 (1983).
In the present case, there is nothing in the subcontract or in the submission that limits the powers of the arbitrator to decide issues "arising out of, or relating to, this Subcontract, or the breach thereof." (Defendant's Exhibit C-5, Subcontract, Article 13.) Accordingly, the court must determine whether the award conforms to the submission. Hartford v. Local 760,6 Conn App. 11, 13-14, 502 A.2d 429 (1986). "The submission defines the scope of the entire arbitration proceedings by specifically delineating the issues to be decided and no matter outside the submission may be included in the award." Id., 14. "Whether or not an award conforms to the submission is an inquiry which asks simply whether or not the arbitrator has answered the questions lawfully put to him. If he answers those questions and no others, then his award conforms to the submission." (Internal quotation marks omitted.) Ted Rosick Construction v. RJB Contracting, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 381108 (February 29, 1996, Sullivan, J.) (16 Conn.L.Rptr. 239, 240).
The defendant argues that the award was outside the scope of the submission because the submission sought a specified amount for "breach of agreement," for "change orders" among other unspecified reasons.[2] The defendant asserts that the arbitrator wrongfully did not use the amount of damages claimed by the plaintiff in the final calculation of the award.
Assuming, arguendo, that the arbitrator erroneously did not use the amounts claimed by the plaintiff to calculate the final award, the arbitrator still did not exceed the scope of the submission. The plaintiff submitted to the arbitrator a claim for a "breach of agreement." When deciding to award the plaintiff $84,419, the arbitrator decided no other issue outside the amount of damages for the breach of agreement claim. Accordingly, the court concludes that the arbitrator did not exceed its powers as prohibited by § 52-418(a)(4) of the General Statutes.
The defendant relies most heavily upon its claim that the CT Page 10986 award is entitled to be modified or corrected according to §52-419(a)(1). Section 52-419(a)(1) provides that a court shall make an order modifying or correcting the award "[i]f there has been an evident material miscalculation of figures or an evident material mistake in the description of any person, thing or property referred to in the award. . . ." This statute, however, does not empower the court to make a correction that affects the merits of the controversy. Pratt, Read Co. v. United FurnitureWorkers, 136 Conn. 205, 208, 70 A.2d 120 (1949). The superior court has found that this statute applies to "clerical errors." See, e.g., Reyes v. Allstate Insurance Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 377725 (March 18, 1996, Barnett, J.) (the court referred to § 52-419
when discussing the plaintiff's contention that the arbitrator transposed of one figure for another).
Here, the defendant argues that the arbitrator made evident material miscalculations. The defendant argues that the arbitrator relied on an improper exhibit to arrive at figure used to award damages. According to the defendant, the exhibit represented the amount of the agreement before changes were made with respect to the agreement. The defendant contends that the figures were corrected by testimony at the hearing.[3] This alleged mistake, however, cannot be described as a clerical mistake. Rather, the defendant is asking the court to substitute its judgment as to the merit of the exhibit and the proper method of calculation. See Haynes Construction Co. v. Emidio Woodworking Sons. Inc., Superior Court, judicial district of Hartford at Hartford, Docket No. 567164 (February 11, 1998, Lavine, J.) (the means or method by which the arbitrator arrived at the award goes to the merits of the controversy) Accordingly, the court concludes that it cannot make this correction because it would affect the merits of the controversy.
Accordingly, the foregoing dictates that the application to vacate and/or correct the arbitration award should be denied and it is so denied.
Skolnick, J.