[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO VACATE ARBITRATION AWARD #105 MOTION TO CONFIRM ARBITRATION AWARD #101
On March 2, 2001, the state board of mediation and arbitration issued CT Page 10939 its decision in the matter of the City of Shelton and Local No. 4 of the Connecticut Independent Police Union. The arbitrators considered whether the City had just cause to discipline the grievant, Sergeant Charlotte DiCicco, pursuant to the parties' collective bargaining agreement. The arbitrators found that the City failed to meet its burden of proof in establishing just cause, sustained the grievance, and awarded the grievant lost pay incurred as a result of her fifteen day suspension from work.
The City moves this court to vacate the arbitration award, pursuant to General Statutes § 52-418 (a)(4), on the grounds that the arbitrators exceeded their power by: 1) issuing an award in violation of public policy; and 2) issuing an award beyond the scope of the submission. The union moves this court to confirm the arbitration award.
"The scope of review by the court of an arbitrator's power to make an award is limited. Arbitration is a creature of contract between the parties and its autonomy requires a minimum of judicial intrusion. . . . The parties themselves, by the agreement of the submission, define the powers of the arbitrator. . . . An application to vacate or correct an award should be granted where an arbitrator has exceeded his power. In deciding whether an arbitrator has exceeded his power, we need only examine the submission and the award to determine whether the award conforms to the submission. . . ." (Citations omitted.) Bic Pen Corp. v.Local No. 134, 183 Conn. 579, 583-84, 440 A.2d 774 (1981).
The City challenges the arbitration award on the ground that the arbitrators issued an award in violation of public policy. "[T]he public policy exception to arbitral authority should be narrowly construed and a court's refusal to enforce an arbitrator's interpretation of collective bargaining agreements is limited to situations where the contract as interpreted would violate some explicit public policy that is well defined and dominant, and is to be ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interests. . . ." (Brackets omitted; citations omitted.) SouthWindsor v. South Windsor Police Union Local 1480, Council 15,255 Conn. 800, 815, 770 A.2d 14 (2001)
The City argues that the arbitrators' award violates established public policy under General Statutes § 7-276, which grants the board of police commissioners the authority to manage and supervise the town's police department. The City argues that the grievant engaged in insubordination of a superior officer's lawful order and, by rescinding the grievant's suspension, the arbitrators contravened a public policy clearly contained in General Statutes § 7-276. The Supreme Court recently addressed a similar public policy argument in South Windsor v.CT Page10940 South Windsor Police Union Local 1480, Council 15, supra, in which the court held that General Statutes § 7-276 merely "commits the selection, direction and dismissal of police officers to the town . . . Land] is not inconsistent with the concomitant notion that the grievance procedure set forth in a collective bargaining agreement covering the discipline of police officers . . . is simply an additional step in the process." Id., 823. In the present case, the City fails to establish that the arbitrators' decision contravenes a well defined and dominant public policy. This court, therefore, rejects the City's argument that the arbitrators exceeded their power by issuing an award in violation of public policy.
The City also moves this court to vacate the arbitration award on the ground that the arbitrators exceeded their authority by granting an award outside the submission.[1] "[A]rbitration is the favored means of settling differences and arbitration awards are generally upheld unless an award clearly falls within the proscriptions of § 52-418 of the General Statutes. . . . A challenge of the arbitrator's authority is limited to a comparison of the award to the submission . . ." (Citations omitted; internal quotation marks omitted.) State v. AFSCME Council 4,Local 387, AFL-CIO, 252 Conn. 467, 473, 747 A.2d 480 (2000)
The union argues that the submission was unrestricted and, thus, the arbitrators had the authority to make an award of lost pay. "[T]he authority of an arbitrator to adjudicate the controversy is limited only if the agreement contains express language restricting the breadth of issues, reserving explicit rights, or conditioning the award on court review." Stratford v. International Assn. of Firefighters, AFL-CIO, Local998, 248 Conn. 108, 115-16, 728 A.2d 1063 (1999). In the present case, the arbitrator's authority is governed by the parties' collective bargaining agreement, which provides, in relevant part, "[t]he arbitrator shall not have the power to add to, subtract from or modify the provisions of this Agreement in arriving at a decision of the issue presented and shall confine his decision solely to the alleged violation of this Agreement and to the precise issue submitted for arbitration." Section 23.06. This provision restricts the authority of the arbitrator. "If the parties engaged in voluntary, but restricted, arbitration, the trial court's standard of review [is] broader depending on the specific restriction." Connecticut Ins. Guaranty Assn. v. Zasun,52 Conn. App. 212, 221-22, 725 A.2d 406 (1999). Even in the case of an unrestricted submission, the court may vacate an award when the award contravenes one or more of the statutory proscriptions of §52-418. Stratford v. International Assn. of Firefighters,AFL-CIO, Local 998, supra, 248 Conn. 116.
In the present case, the parties submitted the following issue to the CT Page 10941 arbitrators: "Did the City have just cause to discipline the Grievant pursuant to Section 23.05 of the Collective Bargaining Agreement."[2]
The parties did not request that the arbitrators prescribe a remedy. Section 23.06 of the parties' collective bargaining agreement requires the arbitrator to "confine his decision solely to the alleged violation of this agreement and to the precise issue submitted for arbitration." "The charter of an arbitrator is the submission, and no matter outside the submission may be included in the award." New Britain Machine Co. v.Lodge 1021, 143 Conn. 399, 404, 122 A.2d 786 (1956). "[P]arties who set up their own tribunal must be bound by the limits they have themselves fixed. . . ." (Citation omitted.) Pratt, Read Co. v. United FurnitureWorkers, 136 Conn. 205, 209, 70 A.2d 180 (1949). A trial court may not permit a remedy where the parties did not place the issue of a remedy before the arbitrator. See Pratt, Read Co. v. United Furniture Workers, supra, 136 Conn. 207 (where the Supreme Court held that the trial court did not err in refusing to correct the award because such elements were outside the submission). For this reason, the award is vacated to the extent that the remedy of lost pay was ordered.
The Court
 By___________________ MORAN, JUDGE